IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 06-496 |
| | ) |
| | ) |
| INTERNATIONAL SHIELD, INC. | ) |
| and ABDEL ATTIA, | ) |
| | ) |
|     Respondent. | ) |

## ANSWER OF DEFENDANTS INTERNATIONAL SHIELD, INC AND ABDEL ATTIA

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted, except it is denied that the License Agreement and Guaranty are enforceable because they are the product of duress and/or coercion and/or mental incapacity of Defendant Attia.

8. Admitted.

9. Admitted that Defendant, Abdel Attia, signed the referenced agreement individually, and on behalf of the corporate defendant. Denied that the referenced agreement is enforceable because it was signed by Defendant(s) while under improper duress and/or coercion and because Defendant Attia suffered a lack of mental capacity to execute the referenced

agreement.

10. No answer required, the License Agreement speaks for itself.

11. Admitted that Defendant, Abdel Attia, signed the referenced agreement individually, and on behalf of the corporate Defendant. Denied that the referenced agreement is enforceable because it was signed by Defendant(s) while under improper duress and/or coercion and because Defendant Attia suffered a lack of mental capacity to execute the referenced agreement.

12. Admitted that Defendant, Abdel Attia, signed the referenced agreement individually, and on behalf of the corporate Defendant. Denied that the referenced agreement is enforceable because it was signed by Defendant(s) while under improper duress and/or coercion and because Defendant Attia suffered a lack of mental capacity to execute the referenced agreement.

13. Admitted that Defendant, Abdel Attia, signed the referenced agreement individually, and on behalf of the corporate Defendant. Denied that the referenced agreement is enforceable because it was signed by Defendant(s) while under improper duress and/or coercion and because Defendant Attia suffered a lack of mental capacity to execute the referenced agreement.

14. The Personal Guaranty speaks for itself, therefore, no answer is required.

## COUNT I

15. Defendants repeat their previous responses.

16. Denied as each agreement is the product of duress and/or coercion and/or mental capacity of Defendant Attia.

17. Admitted that Defendants have failed to satisfy all obligations under the agreements. Denied that the agreements are enforceable for the reasons set forth herein.

18. Admitted that Defendants have failed to satisfy all obligations under the agreements. Denied that the agreements are enforceable for the reasons set forth herein.

19. No answer required as a legal conclusion is called for.

20. Admitted.

21. Denied that the agreements are enforceable due to duress and/or coercion and/or mental incapacity of Defendant Attia.

## COUNT II

22. Defendants repeat their previous responses.

23. Denied, as the referenced Personal Guaranty, was the product of duress and/or coercion and/or mental incapacity of Defendant Attia.

24. No answer required as the Personal Guaranty speaks for itself.

25. Admitted that Defendant has failed to satisfy all obligation per the Personal Guaranty Denied that the agreements are enforceable for the reasons stated herein.

26. Denied that the agreements are enforceable for the reasons stated herein.

27. No answer required as a legal conclusion is called for.

28. Denied that the agreements are enforceable.

## FIRST AFFIRMATIVE DEFENSE

The agreements and Personal Guaranty referenced herein are unenforceable because each was a product of duress and/or coercion and/or mental incapacity of Defendant Attia.

WHEREFORE, Defendants demand judgment in their favor.

    /s/ Michael W. Modica
MICHAEL W. MODICA, ESQUIRE
715 King Street, Suite 300
P.O. Box 437
Wilmington, DE 19899
(302) 425-3600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  06-496 |
| ) | |
| ) | |
| INTERNATIONAL SHIELD, INC. ) | |
| and ABDEL ATTIA, ) | |
| ) | |
| Respondent. ) | |

CERTIFICATE OF SERVICE

BE IT REMEMBERED that on this  27  day of September, 2006 personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Tanya Sellers, personally known to me to be such and she did depose and say:

1. That she is employed as a secretary in the office of Michael W. Modica.

2. That in accordance with instructions and on the  27  day of September, 2006, she placed in the United States mail a copy of the foregoing Defendants Answer to Complaint postage prepaid to:

    TO:    Arthur Connolly, III
             Stephanie O'Byrne
             Connolly Bove Lodge & Hutz, LLP
             P.O. Box 2207
             Wilmington, DE 19899

                                               /s/ Tanya S. Sellers,

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

                                               /s/ Michael W. Modica
                                               Notary Public