IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-496 (JJF) |
| ) | |
| INTERNATIONAL SHIELD, INC. and ) | |
| ABDEL ATTIA ) | |
| ) | |
| Defendants. ) | |

**STIPULATED PROTECTIVE ORDER**

The parties to the action, through their respective counsel, stipulate to the entry of the following Protective Order:

IT IS ORDERED THAT:

1. This Order is applicable to and governs all confidential and proprietary information, documents or other materials produced or exchanged during the course of this litigation, including all such information, documents or other materials produced or exchanged prior to entry of this order. This includes, but is not limited to all testimony and transcripts thereof including depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery. This Order also applies to any information, documents or other materials exchanged or produced pursuant to any alternative dispute resolution proceeding and testimony adduced at trial, matters in evidence and all other information which the producing party designates as confidential pursuant to paragraph 2 or 3 of this Order.

2. A producing party that produces material that the producing party in good faith believes constitutes proprietary information, confidential business information or trade secret

information, and such material is not publicly known, and the producing party would normally not reveal such material to third parties or would cause third parties to maintain such material in confidence, may designate such material as "Confidential." The producing party shall mark such material with the following or equivalent legend:

CONFIDENTIAL

Such notation shall be placed on every page of each document designated, or in the case of tangible objects, on a label or tag attached to the objects or the container of the objects.

3. A producing party that in good faith believes information warrants a higher level of protection, may designate such material as "Highly Confidential." The producing party shall mark such material with the following or equivalent legend:

HIGHLY CONFIDENTIAL

Such notation shall be placed on every page of each document designated or in the case of tangible objects, on a label or tag attached to the objects or the container of the objects.

4. The designation of Confidential or Highly Confidential shall be understood to encompass not only the material expressly designated, but also any information derived therefrom, and all copies, excerpts and summaries thereof, as well as testimony and oral conversation derived therefrom and related thereto.

5. In the case of depositions or hearings, designation of the portion of the transcript (including exhibits) which contains Confidential or Highly Confidential material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Confidential material or Highly Confidential material the deponent has had access. Said review by counsel shall occur within thirty (30) calendar days after counsel's receipt of the transcript containing Confidential or Highly Confidential material. Counsel shall insert a notice of the designation including, if applicable, a

list of the pages designated to the face of the transcript, and shall mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed Highly Confidential, unless counsel for the witness states during the deposition or hearing that the information is Confidential or not subject to this Order. No party, or party representative, other than counsel and any independent expert or consultants shall attend any deposition, or portion thereof, during which Highly Confidential information will be disclosed. If no designation is made pursuant to this paragraph within thirty (30) calendar days after receipt of the transcript, the transcript shall be considered not to contain any Confidential or Highly Confidential material.

      6.    In the event that the producing party elects to produce material for inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need be made prior to the inspection. For purposes of the inspection, all material shall be considered Highly Confidential material. Upon request for copying, the producing party shall designate the material with the appropriate confidentiality marking.

      7.    A party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall, in the case of a dispute as to any party's designation, proceed pursuant to District of Delaware Local Rules and to the Court's Scheduling Order in addressing discovery disputes. The burden of establishing that information has been properly designated as Confidential or Highly

Confidential is on the party making such designation. This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials.

8. After production, each party retains the right to subsequently redesignate material and require that such material be treated in accordance with such designations from that time forward.

9. In the event that a producing party determines that material subject to privilege or immunity from discovery has been produced inadvertently, that party shall bring it to the attention of the receiving party. The inadvertently disclosed material and all copies shall be returned to the producing party without prejudice to the receiving party's claim that any privilege has been waived.

10. A third party may designate information as Confidential or Highly Confidential in accordance with the terms of this Order. No change in this Order that adversely affects the protection given to a third party shall be made without giving the non-party appropriate notice and an opportunity to be heard by the Court.

11. Material designated Confidential may be disclosed only to the following persons:

   a. Litigation Counsel for the parties, which shall be defined as attorneys that are employed by or members of Mayer, Brown, Rowe & Maw LLP; McGovern & Associates; Connolly, Bove, Lodge & Hutz LLP; and Michael W. Modica, and all independent companies or agencies which have been directly engaged by Litigation Counsel to perform litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of such counsel whose duties and responsibilities require access to Confidential material;

      b.    independent experts or consultants of the receiving party who are not employed by the receiving party who have satisfied the requirements of paragraph 13 of this Order and who have been expressly retained or sought to be retained by any attorney described in paragraph 11(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      c.    designated party employees subject to this Order whose review is reasonably necessary and who has satisfied the requirements of paragraph 14 of this Order;

      d.    upon agreement of the producing party or with leave of Court, any person of whom testimony is taken provided that such person may only be shown copies of Confidential material during his or her testimony, but may not retain any Confidential material;

      e.    the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

      f.    any other person by written agreement or by order of the Court.

12.    Information designated as Highly Confidential may be disclosed only to the following persons;

      a.    Litigation Counsel, which shall be defined as attorneys that are employed by or members of Mayer, Brown, Rowe & Maw LLP; McGovern & Associates; Connolly, Bove, Lodge & Hutz LLP; and Michael W. Modica, and any other Litigation counsel retained by a party, and all independent companies or agencies which have been directly engaged by Outside Litigation Counsel to perform litigation support services, paralegal assistants, stenographic and clerical or other staff working under the supervision of such counsel, whose duties and responsibilities require access to Highly Confidential material;

      b.    independent experts or consultants of the receiving party who are not employed by the receiving party who have satisfied the requirements of paragraph 13 of this Order and who have been expressly retained or sought to be retained by any attorney described in paragraph 12(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      c.    No more than two (2) designated party employees subject to this Order whose review is reasonably necessary and who has satisfied the requirements of paragraph 14 of this Order;

      d.    upon agreement of the producing party or with leave of Court, any person of whom testimony is taken provided that such person may only be shown copies of Highly Confidential material during his or her testimony, but may not retain any Highly Confidential material;

      e.    the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

      f.    any other person by written agreement or by order of the Court.

    13.    A receiving party desiring to have Confidential or Highly Confidential material of a producing party disclosed to an independent expert or consultant pursuant to paragraphs 11(b) and 12(b) shall first give written notice via email or fax and U.S. Mail to the producing party. At least the following information about the proposed independent expert or consultant shall be included in the written notice: curriculum vitae, business address, business title, and any previous or current relationship (personal or professional) with either party to the litigation.

No Confidential or Highly Confidential material shall be disclosed to such independent expert or consultant until (i) ten (10) business days after the producing party receives such

written notice and (ii) the expert or consultant executes the Declaration Acknowledging Receipt of Confidential Material or Highly Confidential Material, attached hereto as Exhibit "A". A party objecting to the disclosure must serve a written objection, including a detailed explanation of the objection, also via email or fax and U.S. Mail, within ten (10) business days after receiving written notice. Absent timely objection, disclosure to the independent expert or consultant shall be deemed approved.

If a timely written objection is made, there shall be no disclosure of Confidential or Highly Confidential material to the expert or consultant until the objection has been resolved by agreement or Court order. The attorneys of record for the objecting and proposing parties shall make a reasonable effort to resolve the objection. If a resolution to the objection cannot be reached, the objecting party must seek a protective order from the Court. The motion for a protective order must be filed within ten (10) business days from the date of service of the written objection or the objection is deemed waived. The party seeking to prevent disclosure shall have the burden of establishing good cause to support its objection and shall use all reasonable means to expedite the hearing upon such objection.

14.     A receiving party desiring to have Confidential or Highly Confidential material of a producing party disclosed to a designated party employee pursuant to paragraph 11(c) shall first give written notice via email or fax and U.S. Mail to the producing party. At least the following information about the proposed specified party employee shall be included in the written notice: business address, business title, and any previous or current relationship (personal or professional) with either party to the litigation.

No Confidential or Highly Confidential material shall be disclosed to such designated party employee until (i) ten (10) business days after the producing party receives such written

notice and (ii) the designated party employee executes the Declaration Acknowledging Receipt of Confidential or Highly Confidential material, attached hereto as Exhibit "A". A party objecting to the disclosure must serve a written objection, including a detailed explanation of the objection, also via email or fax and U.S. Mail, within ten (10) business days after receiving written notice. Absent timely objection, disclosure to the designated party employee shall be deemed approved.

If a timely written objection is made, there shall be no disclosure of Confidential or Highly Confidential material to the designated party employee until the objection has been resolved by agreement, waiver or Court order. The attorneys of record for the objecting and proposing parties shall make a reasonable effort to resolve the objection. If a resolution to the objection cannot be reached, the objecting party must seek a protective order from the Court. The motion for a protective order must be filed within ten (10) business days from the date of service of the written objection or the objection is deemed waived. The party seeking to prevent disclosure shall have the burden of establishing good cause to support its objection and shall use all reasonable means to expedite the hearing upon such objection.

15. Confidential and Highly Confidential material shall be used by the parties to this litigation solely for the purpose of conducting this litigation.

16. The recipient of any Confidential or Highly Confidential material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

17. The recipient of any Confidential or Highly Confidential material that is provided under this Order shall exercise the same standard of due and proper care with respect to the

storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

19. Any briefs, memoranda, pleading, motion, affidavit, discovery response, deposition, transcript or other paper filed with the Court that contains or discloses any Confidential or Highly Confidential material shall be filed with the Clerk of the Court under seal pursuant to District of Delaware Local Rules. When filing Confidential or Highly Confidential material, it shall be submitted to the judge and the Clerk inside separate sealed envelopes with a copy of the title page attached to the front of each envelope containing only the case caption and the title of the filing, together with the following legend immediately below the case caption: **"THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIAL AND IS FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER PREVIOUSLY ENTERED BY THE COURT. ITS CONTENTS SHALL NOT BE DISCLOSED TO ANYONE EXCEPT THE COURT IN THE ABSENCE OF A PRIOR COURT ORDER OR WRITTEN AGREEMENT OF THE PARTIES."**

19. In the event that any Confidential or Highly Confidential material is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Highly Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

20. Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though

the same information or copies of the same documents may have been produced in discovery in this lawsuit and designated as Confidential or Highly Confidential material.

21. Nothing in this Protective Order shall preclude any party to the lawsuit or its attorney (a) from showing a document designated as Confidential or Highly Confidential material to an individual who prepared or received the document, or (b) from disclosing or using, in any manner or for any purpose in this litigation, the party's own information or documents which the party itself has designated as Confidential or Highly Confidential material, or (e) from showing a document designated as Confidential or Highly Confidential material by a disclosing party to an individual who is a designated employee under paragraph 12(c) and who is testifying on behalf of the disclosing party.

22. Within sixty (60) calendar days of the termination of litigation between the parties, all Confidential material, all Highly Confidential material and all copies thereof shall be returned to the party that produced it or shall be destroyed. If material is destroyed, a Certificate of Destruction signed by counsel or an authorized vendor shall be provided to the producing party within ten (10) calendar days of the destruction of the material. Notwithstanding the foregoing, one designated Outside Litigation Counsel of record for each party may maintain in its files and subject to this Order one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit, exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court and court transcript in this action, consisting of or containing Confidential or Highly Confidential material.

23.    This Order is without prejudice to the right of any producing party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein. This Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case.

Dated:  10/10/06

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899

Attorneys for Plaintiff
Tristrata Technology, Inc.

Dated:  10/10/06

/s/ Michael W. Modica
Michael W. Modica, Esq. (#2169)
715 King Street, Suite 300
Wilmington, DE 19899
(302) 425-3600-3740

Attorney for Defendants
International Shield, Inc. and
Abdel Attia

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL SHIELD, INC., and ) <br> ABDEL ATTIA ) <br> ) <br> Defendants. ) | Civil Action No. 06-496 (JJF) |

**DECLARATION ACKNOWLEDGING RECEIPT OF CONFIDENTIAL
MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL**

I, _____ acknowledge that I have been informed of and have
(Print Name)

been provided a copy of the Agreed Protective Order entered in this action and that I fully

understand and agree to my obligations pursuant to that Agreed Protective Order.


DATE: _____         _____
                                                                    (Signature)